In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Merrick Boulevard (Road) from South Road (Street) to the City Line (Hook Creek Boulevard) and the Public Park Adjoining Merrick Boulevard Opposite One Hundred and Eighth Road in the Borough of Queens, City of New York. CLARALINE REALTY CORPORATION and LAURELTON HOMES, INC., Appellants.— Those portions of the decree from which appeal is taken, involving the claim of Claraline Realty Corporation for damage parcels Nos. 213 and 216, and the claim of Laurelton Homes, Inc., for damage parcel No. 286, are reversed on the law and the facts, and the matter is remitted to Special Term for a new trial or for the parties to proceed as they are advised, with costs to the appellants to abide the event. This decree was made before the decision of the Court of Appeals in *Matter of City of N. Y.* (*Northern Blvd.*) (258 N. Y. 136); and the rule there stated in relation to the award for easements in a proposed widening of a street was not applied in the determination that nominal awards only should be made to these claimants on the ground that the property taken was burdened with public and private easements. There is a question as to the title of the Claraline Realty Corporation to the damage parcels 213 and 216. It is not clear from this record whether the title to the fee of both parcels ever became vested in the claimant in view of earlier changes made in Farmers boulevard (formerly Freeman's path); but it does appear that title to at least a part of parcel No. 216 is vested in the claimant and that some award of damages should have been made therefor. Furthermore, it appears that both claimants had subsurface rights in the street as widened. These questions should be the subject of further consideration. We do not attempt to outline the procedure or to forecast the determination of these questions. It is sufficient to say that the claims both as to title and to subsurface rights are in such a state of confusions that there should be a rehearing. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

In the Matter of the Application of MILTON PINKUS, Appellant, for a Mandamus Order against W. TAYLOR CHAMBERLIN, Mayor of the Village of Hempstead, Nassau County, New York, ARTHUR W. BRIERLEY and Others, Constituting and Comprising the Board of Trustees of Said Village and Another, Respondents, Directing Them to Divide Said Village into Election Districts.— On argument, order unanimously affirmed, without costs. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

HAROLD W. NOBLE, Respondent, v. BOX PROPERTIES, INC., Formerly Named BOX CRANE AND HOIST CORPORATION, Appellant.— Order denying motion to set aside the service of the summons and complaint and to vacate the attachment and levies affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.